## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KEVIN WILLIAMS,
      Plaintiff,

      v.                                   Case No. 3:22-CV-1413 (OAW)

BRIDGEPORT POLICE DEPARTMENT, et al.,
      Defendants.

### INITIAL REVIEW ORDER (AS TO SECOND AMENDED COMPLAINT)

Self-represented Plaintiff Kevin Williams filed an amended complaint naming seven defendants, Bridgeport Police Department members Officer E. Illescas, Officer S. Firpi, Detective P. Nikola, Officer J. Seagren, and Reporting Officer Israel Colon, and Department of Correction medical staff members Dr. Elizabeth Oei, and X-ray personnel John Doe.  Plaintiff alleges that the defendants were deliberately indifferent to the fact that he had been shot.  The court conducted an initial review of the amended complaint and, on May 2, 2023, issued an Initial Review Order noting that Plaintiff failed to allege facts showing that any defendant knew that he had suffered a gunshot wound.  The court explained that it was unable to determine whether Plaintiff had alleged facts sufficient to state a claim for deliberate indifference to serious medical needs against any defendant and afforded Plaintiff the opportunity to file a second amended complaint.  *See* ECF No. 18 at 6.  As it was not clear that Plaintiff understood that he cannot rely on allegations in the original complaint to support his claims in the amended complaint, the court afforded him the opportunity to correct the deficiencies in his amended complaint.  The court

1

instructed Plaintiff that he could include as defendants in the second amended complaint only persons named in the amended complaint, and directed him to allege specific facts showing both that he had a serious medical need and that each defendant was aware of and disregarded that need. *Id*. at 7.

Plaintiff has filed his second amended complaint in which he names ten defendants: Bridgeport police officers E. Illescas, J. Seagren, J. Brown, S. Firpi, James L. Motasky, and Crystal Manuele; Detective P. Nikola; Nurse Andrea E. Chamberlain Swaby; and Doctors Alina Alfirii and Syed A. Zafar.  Only Defendants Illescas, Seagren, Firpi, and Nikola were named in the amended complaint.  As Plaintiff was permitted to assert claims only against persons named in the amended complaint, all claims against Defendants Brown, Motasky, Manuele, Swaby, Alfirii, and Zafar are dismissed.  This order thus considers the claims against Defendants Illescas, Firpi, Seagren, and Nikola.

## I.   BACKGROUND

Plaintiff's second amended complaint alleges the following facts relating to the claims against Defendants Illescas, Firpi, Seagren, and Nikola:

Plaintiff was shot in the right foot during an incident at 1:40 a.m. on January 1, 2022, in Bridgeport, Connecticut.  ECF No. 19 ¶¶ 16-17.  He was arrested as a result of the incident.  *Id*. ¶ 18.  At the time of his arrest, Plaintiff was "heavily intoxicated[,] mentally unconscious[,] and unaware of [his] self and [his] surroundings."  *Id*. ¶ 19.

Officer Illescas and three other officers responded to the shots fired incident and participated in Plaintiff's arrest.  *Id*. ¶¶ 20-21.  Plaintiff alleges, therefore, that Officer

2

Illescas was aware of the identities of the shooter and the victim.  *Id*. ¶ 22.  Officers Illescas and Seagren escorted Plaintiff to the booking area at the police station where he underwent a thorough search of his person.  *Id*. ¶ 24.  Officer Illescas held Plaintiff's right arm, Officer Seagren held his left arm, and Officer Firpi performed the search.  *Id*. ¶ 25.

Officer Firpi removed Plaintiff shoes and socks, which had bullet holes in them and blood on them.  *Id*. ¶ 26.  Officer Firpi saw the bullet hole in Plaintiff's foot with blood leaking from the hole.  *Id*. ¶¶  27-28.  Plaintiff alleges that Officers Illescas and Seagren also must have seen blood coming from the bullet hole in his foot and was aware that he was unable to stand on that foot.  *Id*. ¶¶ 29-31, 34.

Officer Seagren noted that Plaintiff refused to walk to the ambulance to be taken to the hospital.  *Id*. ¶ 32.  Plaintiff states that he was not taken to the hospital for the injury to his foot but rather was taken for evaluation because he was striking his head on the ground and wall.  *Id*. ¶ 33.  No defendant informed the ambulance personnel or the hospital about the gunshot wound.  *Id*. ¶ 35.  Plaintiff was intoxicated and unaware that he had been shot, so he was unable to inform hospital staff about the injury.  *Id*. ¶ 36.

Plaintiff alleges that Detective Nikola was aware he had been shot because Plaintiff's shoes and socks, which had bullet holes in them, were given to Detective Nikola as evidence for his investigation.  *Id*. ¶ 43.

Plaintiff "woke up" in the holding cell about twelve hours after he was taken into custody.  *Id*. ¶ 47.  He noticed that his shoes and socks were missing and that he was wearing hospital socks.  *Id*.  When he tried to stand, Plaintiff realized that his foot was injured.  *Id*. ¶ 48.  He removed the hospital sock and saw what he thought was a cut.  *Id*.

¶¶ 48-49.

Plaintiff remained at the police department for about 56 hours.  *Id*. ¶ 46.  On January 3, 2022, Plaintiff was arraigned and transferred to Bridgeport Correctional Center.  *Id*. ¶¶ 55-56.  Plaintiff's foot became infected from the lack of treatment which increased his pain.  *Id*. ¶ 53.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the court must review civil complaints filed by prisoners and dismiss any portion of a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915A(b)(1)–(2).  Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully."  *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."  *Faber v. Metro. Life Ins. Co.*,

648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  The court, however, is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 556 U.S. at 678.  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).

It is well-established that submissions of pro se litigants are "reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (summary order) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam)).  *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (internal citations omitted)).  This liberal approach, however, does not exempt pro se litigants from the minimum pleading requirements described above; a pro se complaint still must "state a claim to relief that is plausible on its face."  *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (summary order) (quoting *Iqbal*, 556 U.S. at 678).  Therefore, even where a plaintiff is proceeding pro se, the court may not "invent factual allegations" that the plaintiff has not pleaded.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### III.    DISCUSSION

Plaintiff contends that Defendants were deliberately indifferent to his serious medical need based on their failure to treat his gunshot wound.  To state a cognizable claim for deliberate indifference to serious medical needs, Plaintiff must allege facts showing that his medical need was "sufficiently serious."  *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain.  *See Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000).  "In determining whether a medical need is sufficiently serious to be cognizable as a basis for a constitutional claim for deprivation of medical care, we consider factors such as whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain."  *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019) (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).  In many cases, the actual medical consequences flowing from the denial of care are "highly relevant" in determining whether the denial of care subjected the inmate to a significant risk of serious harm.  *Id.* (citing *Smith v. Carpenter*, 316 F.3d 178, 187 (2d Cir. 2003)).

6

Plaintiff alleges that he was shot in the foot and that the bullet remained lodged therein. He also alleges that he experienced severe pain from the untreated wound. There are no reported cases in this circuit considering whether a gunshot wound in the foot is a serious medical need. More generally, however, courts have considered gunshot wounds sufficiently serious. *See Hickey v. City of New York*, No. 01 Civ. 6506 (GEL), 2004 WL 2724079, at *16 (S.D.N.Y. Nov. 29, 2004) ("gunshot wound undoubtedly incurred serious medical needs"), *aff'd*, 173 F. App'x 893 (2d Cir. 2006); *see also McDonald v. Johnson*, No. 5:20-cv-00444-TES-MSH, 2021 WL 1652941, at *3 (M.D. Ga. Apr. 27, 2021) ("Plaintiff has arguably alleged facts showing that he had a serious medical need insofar as he sustained a gunshot wound."); *Neff v. Ha*, No. CV 18-4842-FLA (SP), 2021 WL 6496778, at *5 (C.D. Cal. Feb. 8, 2021) (gunshot wound in right ankle was serious medical need); *Callhoun v. Thomas*, 360 F. Supp. 2d 1264, 1283-84 (M.D. Ala. 2005) (holding a gunshot wound in the arm constitutes a serious medical need). As Plaintiff alleges that the wound caused him severe pain, the court will assume for purposes of initial review that he had a serious medical need.

Additionally, Plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. "The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). The defendants must "appreciate the risk to which a prisoner was subjected," and have a "subjective awareness of the harmfulness associated with those conditions." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017); *see also Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Deliberate

7

indifference is a mental state equivalent to subjective recklessness," and it "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate ham will result." (internal quotation marks omitted)). Thus, "mere negligence" is insufficient to state a claim for deliberate indifference. *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).

Plaintiff alleges Defendant Illescas was at the scene and knew he had been shot. He also alleges that Defendants Illescas, Seagren, and Firpi conducted the search of his person which included removing his shoes and socks, which had bullet holes, revealing the wound in his foot. Finally, Plaintiff alleges that Defendant Nikola received the shoes and socks which clearly showed that Plaintiff had been shot in the foot. Crediting these allegations, as the court must upon initial review, the court concludes that Plaintiff has alleged sufficient facts to show that each of these four defendants was aware that Plaintiff had a gunshot wound but did not inform the ambulance personnel or doctors of the injury. The court will permit the claim to proceed for further development of the record.

## IV.    CONCLUSION

All claims against defendants Brown, Motasky, Manuele, Swaby, Alfirii, and Zafar are dismissed because Plaintiff was not permitted to assert claims against these persons in his second amended complaint.

The case will proceed on the claims for deliberate indifference to serious medical needs against Defendants Illescas, Firpi, Seagren, and Nikola in their individual capacities.

The court enters the following additional orders.

(1)    **The Clerk shall** mail a waiver of service of process request packet containing the second amended complaint and this order to Defendants Illescas, Firpi, Seagren, and Nikola at the Bridgeport Police Department, 300 Congress Street, Bridgeport, CT 06604 within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the **thirty-fifth (35th) day** after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in their individual capacity and the defendant shall be required to pay the cost of such service.

(2)    T**he Clerk shall** send Plaintiff a copy of this order.

(3)    Defendants shall file their responses to the second amended complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include all additional defenses permitted by the Federal Rules.

(4)    Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(5)    All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(6)    Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no

response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7)    If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that he MUST notify the court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  Plaintiff should also notify Defendants or the attorney for Defendants of his new address.

(8)    Plaintiff shall utilize the Prisoner Electronic Filing Program ("the Program") when filing documents with the court.  Plaintiff is advised that the Program may be used only to file documents with the court.  As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on Defendants' counsel by regular mail.  In addition, Plaintiff must serve copies of all documents by regular mail on any defendant who does not participate in electronic filing.


**IT IS SO ORDERED** at Hartford, Connecticut, this 8th day of January, 2024.

_____/s/_____

Omar A. Williams
United States District Judge
